UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFERY M DAVIS, | ) |
|     *Plaintiff*, | ) Case No. 3:23-cv-386 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| | ) Magistrate Judge Debra C. Poplin |
| T.D.O.C., SGT. WHITE, GINGER | ) |
| PETERS, HUDDSON, and COX, | ) |
| | ) |
|     *Defendants*. | ) |

**MEMORANDUM OPINION**

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate housed in the Northeast Correctional Complex ("NECX") has filed a pro se complaint for violation of 42 U.S.C. § 1983 regarding incidents during his confinement (Doc. 1), prisoner trust account documents (Doc. 4), and a motion for leave to proceed *in forma pauperis* (Doc. 5). For the reasons set forth below, Plaintiff's motion (Doc. 5) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.    FILING FEE**

It appears from Plaintiff's motion (Doc. 5) and prisoner trust account documents (Doc. 4) that he cannot pay the filing fee in one lump sum. Accordingly, his motion (Doc. 5) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of his preceding monthly

income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three-hundred-fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  COMPLAINT SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

According to Plaintiff, the events underlying his complaint violated his First, Fifth, and Eighth Amendment rights (Doc. 1, at 3–5.) He specifically claims that, on May 26, 2023, unnamed prison officials took him from Unit five cell twenty five "to SHU unit 4 cell" that did not have a camera and said that this move was "over a window [b]lind." (*Id.*) The prison officials then stripped Plaintiff and his cellmate's clothing and gave them paper gowns, and Defendant Huddson told them "that [they were] on observation for 24 hours." (*Id.*). The next day, Defendant Sgt. White told Plaintiff and his cellmate that they would "stay like that for 72 hours," at which point Plaintiff needed suicide watch because he "couldn't deal with the issue of being like that another minute." (*Id.*) Because of this incident "an[d] another issue," Plaintiff "tried to seek mental [and medical] help," but he was unable to do so. (*Id.*)

With his complaint, Plaintiff filed documents related to some of his NECX grievances. (Doc. 1-3, at 3–23.) Although the complaint does not refer to most of the events set forth in these grievance documents, the Court construes the grievance documents as part of the complaint. Fed. R. Civ. P. 10(c). The Court summarizes the relevant portions of these grievance documents as follows, in the order in which they are attached to the complaint:

1. Plaintiff complains that "[a]ll staff has been cancelled on [sic] correctly passing/distributing mail to offenders" (Doc. 1-3, at 3);

2. This grievance response appears to address a complaint from Plaintiff regarding denial of outside recreation due to staffing issues on a certain day (*Id.* at 4);

3. Plaintiff challenges grievance procedures that prevent inmates from filing more than one grievance at a time but also provide a seven-day limit for grievances, which he states have resulted in "5 more serious issue[s] . . . not being looked into" (*Id.* at 7);

4. Plaintiff claims that he had two medical-care charges on a day on which he did not see medical (*Id.* at 9);

5. Plaintiff states that he tried to send out mail but could not do so due to not having funds in his account (*Id.* at 12);

6. Plaintiff complains about the incident set forth in his complaint, during which Plaintiff and his cellmate were stripped and placed on observation for up to seventy-two hours, leading Plaintiff to go on suicide watch. (*Id.* at 14.) As his requested solution for this grievance, Plaintiff proposes that prison officials "[n]ever . . . put two people in a cell naked together that is a [Prison Rape Elimination Act ("PREA")] issue an[d] is agai[ns]t law an[d] policy." (*Id.*);

7. Plaintiff claims that Defendant Sgt. White threw Plaintiff's television out of his cell and broke it, and that Defendant Peters witnessed this (*Id.* at 16);

8. Plaintiff complains that a prison official he did not name as a Defendant brought him back from suicide watch without shoes (*Id.* at 17);

9. Plaintiff states that Defendant Peters wrote him up even though she is not a correctional officer "or on E-Tomis" and was not doing checks. (*Id.* at 19.) Plaintiff additionally claims that Defendant Peters: (1) did not write up other inmates for curtains or window blinds; (2) "has a personal v[e]ndetta against him[] [b]ecause [he] caught her stealing [his] mail;" (3) talks to other inmates about him; and (4) tries to start issues for him (*Id.* at 20); and

10. Plaintiff asserts that he was left in a paper gown on concrete for four days while on suicide watch. (*Id.* at 22.)

Plaintiff has sued the TDOC, Sgt. White, Ginger Peters, Huddson, and Cox. (*Id.* at 1, 3.) Plaintiff requests unspecified relief for his pain and suffering due to a mental and/or medical issue, claims that "some of [his] stuff" was lost or stolen, asserts that his television was broken, states that he does not know what "price to put on all that has happen[ed] to [him]," and notes that, to him, "peace of mind is priceless the same as [l]ove[] without hav[ing] to live in fear." (*Id.* at 5.)

C. Analysis

*i.* ***The TDOC***

First, because the TDOC is an arm of the State of Tennessee, a lawsuit against the TDOC is a lawsuit against the State of Tennessee. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that the TDOC is equivalent of the "State"). However, "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Hix*, 196 F. App'x at 355 (holding that the TDOC is not a "person" within meaning of 1983). Accordingly, Plaintiff cannot sue the TDOC under § 1983.

Additionally, the Eleventh Amendment prohibits suits for damages against a state in federal court for damages, unless Congress has abrogated its immunity, or the state expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–101 (1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory[,] or monetary relief."). The State of Tennessee has not waived its immunity to suit under § 1983. *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to § 1983 suits). Therefore, as an agency of the State, the TDOC is entitled to Eleventh Amendment immunity. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).

Accordingly, Plaintiff cannot maintain this suit against the TDOC, and all claims against the TDOC will be **DISMISSED**.

### ii. Sgt. White

Plaintiff claims that Defendant Sgt. White told Plaintiff and his cellmate that they would stay in the observation cell in paper gowns for seventy-two hours. (Doc. 1, at 5.) Plaintiff also claims that this Sgt. White threw his television out of his cell and broke it. (Doc. 1-3, at 16.)

It appears that Petitioner contends that Defendant Sgt. White's act of telling Plaintiff and his cellmate that they would remain in the observation cell in paper gowns for seventy-two hours violated the PREA and/or the Eighth Amendment's prohibition on cruel and unusual punishment. However, "courts have routinely held that PREA does not create rights enforceable by a private party in a civil action." *Violett v. King*, No. 3:19-CV-P524-CHB, 2019 WL 6709391, at * (W.D. Ky. Dec. 9, 2019) (first citing *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015); and then citing *Montgomery v. Harper*, 5:14-CV-P38-R, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014)); *see also Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 WL 508902, at *3 (W.D. Ky. Feb. 18, 2022) ("PREA does not create a private cause of action which can be brought by an individual plaintiff.") (citations omitted). And Plaintiff does not set forth any facts suggesting that his placement in the observation cell caused an extreme deprivation of a life necessity, such that it could have violated his rights under the Eighth Amendment. *See Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (providing that allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim) (citations and quotations omitted). As such, the complaint fails to state a plausible claim for violation of the PREA and/or Eighth Amendment against Defendant Sgt. White.

Similarly, to the extent that Plaintiff claims that Defendant Sgt. White's act of telling Plaintiff and his cellmate that they would remain in the observation cell in paper gowns for

seventy-two hours violated his Fifth Amendment right to due process, he has failed to plausibly allege such a claim. For a deprivation to require due process, the plaintiff must have had a protected interest in avoiding it. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). Plaintiff did not have a liberty interest "in avoiding transfer to more adverse conditions of confinement," *id*. (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)), or in his housing placement, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Plaintiff also has not set forth any facts from which the Court can find that the conditions of his confinement in the observation cell imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Wilkinson*, 545 U.S. at 221–22 (citing *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). In short, Plaintiff does not plausibly allege that his placement in the observation cell deprived him of any interest the Due Process Clause protects. Thus, he has not set forth a plausible due-process claim against Defendant Sgt. White arising from that placement.

Plaintiff's allegation that Defendant Sgt. White broke his television also fails to state a claim upon which relief may be granted under § 1983. Specifically, the United States Supreme Court has held that a random deprivation of property by a state employee does not violate the Due Process Clause of the Fourteenth Amendment if the state has a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Tennessee law provides a remedy for the loss of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing Tenn. Code. Ann. §§ 29-30-101.

7
Case 3:23-cv-00386-TRM-DCP   Document 6   Filed 11/06/23   Page 7 of 11   PageID #: 87

201). And Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate to remedy this alleged taking, as required to state a plausible constitutional claim based on the taking. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).

Accordingly, none of Plaintiff's allegations state a claim upon which relief may be granted under § 1983 as to Defendant Sgt. White, and he will be **DISMISSED**.

### iii. *Ginger Peters*

Plaintiff claims that Defendant Peters witnessed Defendant Sgt. White throwing Plaintiff's television. (Doc. 1-3, at p. 16.) Plaintiff also asserts that Peters wrote Plaintiff up for window blinds, even though she is not a correctional officer or on "E-Tomis" and was not doing checks at the time. (*Id.* at 19.) Plaintiff further states that Defendant Peters: (1) does not write up other inmates for curtains or window blinds; (2) has a "v[e]ndetta" against him because he caught her stealing his mail; (3) talks to other inmates about him; and (4) attempts to start issues for him. (*Id.* at 20.)

First, as to the television throwing incident that Defendant Peters witnessed, it does not appear that Plaintiff seeks to assert a claim for relief against Defendant Peters based on this incident. However, to the extent that he does so, Plaintiff does not set forth any facts from which the Court can plausibly infer that Defendant Peters violated his constitutional rights in this incident.

Plaintiff's remaining allegations against Defendant Peters likewise do not allow the Court to plausibly infer that she violated his constitutional rights. Specifically, while Plaintiff alleges that Defendant Peters wrote him up even though she was not in a TDOC database or a correctional officer, nothing in Plaintiff's complaint suggests that this write up amounted to a constitutional violation. And while Plaintiff also claims that he caught Defendant Peters stealing

his mail on an unspecified date, one interference with a prisoner's mail is not a constitutional violation. *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (holding that "a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation"). And Plaintiff does not allege that Defendant Peters repeatedly stole his mail or provide any facts suggesting that the mail incident to which he refers in his complaint otherwise amounted to a constitutional violation.

Additionally, although Plaintiff's allegations that Defendant Peters has a vendetta against him, talks to other inmates about him, and attempts to start issues for him seem to indicate a strained relationship between himself and this Defendant, Plaintiff does not provide facts from which the Court can plausibly infer that this strained relationship has risen to the level of a constitutional violation. *See Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment does not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Moreover, to the extent that Plaintiff seeks to assert a claim for violation of his right to Equal Protection against Defendant Peters based on his allegation that she wrote him up for window blinds but did not write up other inmates for other window coverings, this allegation does not allow the Court to plausibly infer that other inmates with window coverings that Defendant Peters did not write up were similarly situated to Plaintiff, as required to state a plausible Equal Protection claim. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (finding that a complaint failed to state an Equal Protection claim where it did not "make a plausible allegation that similarly situated organizations and individuals, of a

different political viewpoint, have not been subject to the same alleged treatment by Defendants"); *Nali v. Ekman,* 355 F. App'x 909, 913 (6th Cir. 2009) (stating that a claim for race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an Equal Protection claim).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Peters, and she will be **DISMISSED**.

### iv. Huddson

Plaintiff's only allegation as to Defendant Huddson is that Huddson told Plaintiff and his cellmate that they would be in an observation cell wearing paper gowns for twenty-four hours. (Doc. 1, at 5.) However, for the same reasons the Court has already found that Plaintiff's allegations regarding his placement in the observation cell fail to state a plausible § 1983 claim against Defendant Sgt. White set forth above, these allegations also fail to state a claim upon which relief may be granted under § 1983 as to Defendant Huddson. Accordingly, this Defendant will be **DISMISSED**.

### v. Cox

Plaintiff does not allege or set forth any facts from which the Court can plausibly infer that Defendant Cox was personally involved in or responsible for any incident or issue in his complaint. As such, the complaint fails to state a claim upon which relief may be granted under § 1983 as to this Defendant. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Accordingly, this Defendant will be **DISMISSED**.

10
Case 3:23-cv-00386-TRM-DCP   Document 6   Filed 11/06/23   Page 10 of 11   PageID #: 90

### *vi.    Remaining Allegations*

Lastly, as to the remaining allegations in his complaint and grievance documents that the Court has not addressed above, Plaintiff does not allege or set forth any facts from which the Court can plausibly infer that any named individual Defendant was personally involved in or responsible for those incidents and/or issues.  As such, these allegations also fail to state a claim upon which relief may be granted under § 1983.  *Id.*

### III.    CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER SHALL ENTER**.

**SO ORDERED.**

> **/s/** *Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**